

**U.S. Department of Justice**

*William D. Weinreb*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (508) 368-0100*

*United States Courthouse*
*Donohue Federal Building*
*595 Main Street*
*Worcester, Massachusetts 01608*

October 12, 2017

James H. Budreau, Esq.
Bassil, Klovee & Budreau
20 Park Plaza, Suite 1005
Boston, MA 02116

    Re:    United States v. Kevin A. Perry, Jr.
            Criminal No. 17-CR-40010-TSH

Dear Mr. Budreau:

       The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Kevin A. Perry, Jr. ("Defendant"), agree as follows with respect to the above-referenced case:

       1.    <u>Change of Plea</u>

       At the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in the above-referenced Indictment: money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts One through Nine); unlawful cash structuring, in violation of 31 U.S.C. § 5324(a) (Counts Ten through Twelve); False Statement on a Loan Application, in violation of 18 U.S.C. § 1014 (Count Thirteen); and Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi) (Count Fourteen). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One through Fourteen of the Indictment, did so knowingly and intentionally, and is in fact guilty of those offenses.

       The U.S. Attorney agrees not to file an Information pursuant to 21 U.S.C. § 851 in this matter.

1

2.  Penalties

Defendant faces the following mandatory minimum and maximum penalties on the counts contained in the Indictment:

Counts One through Nine (Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1)): incarceration for 20 years; supervised release for 3 years; a fine of $500,000, or twice the value of the property involved in the transactions, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

Counts Ten through Twelve (Unlawful Cash Structuring in violation of 31 U.S.C. § 5324(a)): incarceration for 10 years; supervised release for 3 years; a fine of $500,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

Count Thirteen (False Statement on a Loan Application in violation of 18 U.S.C. § 1014): incarceration for 30 years; supervised release for 5 years; a fine of $1,000,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

Count Fourteen (Distribution of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi)): incarceration of not less than 10 years and up to life; supervised release for not less than 5 years and up to life; a fine of $10,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

3.  Fed. R. Crim. P. 11(c)(1)(C) Plea

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4.  Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

- in accordance with USSG §§ 2S1.1(a)(2) and 2B1.1, Defendant's base offense level is 22, because Defendant knowingly laundered more than $550,000 but less than $1,500,000 in proceeds from a specified unlawful activity;

- in accordance with USSG § 2S1.1(b)(1), Defendant's offense level is increased by 6, because Defendant knew that the laundered funds included the proceeds of an offense involving the manufacture, importation or distribution of a controlled substance;

- in accordance with USSG § 2S1.1(b)(2)(B), Defendant's offense level is increased by 2, because Defendant was convicted under 18 U.S.C. § 1956;

- in accordance with USSG § 2S1.1(b)(3), Defendant's offense level is increased by 2, because subsections (a)(2) and (b)(2)(B) apply and the offense involved sophisticated laundering;

- in accordance with USSG § 3D1.4(a), Defendant's offense level is increased by 2, because Defendant's offense level for his conviction for distribution of fentanyl (30) is within 2 levels of Defendant's offense level for his conviction for money laundering (32) and those offenses do not group; and

- in accordance with USSG § 3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by 3.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement, including, but not limited to, his agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a)  Fails to admit a complete factual basis for the plea;

(b)  Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

(c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

    (d)    Fails to submit to a polygraph examination regarding Defendant's assets (as described in paragraph 6) and/or fails to provide truthful information about Defendant's financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

    (f)    Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Plea Agreement; or

    (j)    Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.    <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

    (a)    incarceration for between 168 months and 192 months;

    (b)    60 months of supervised release;

    (c)    a mandatory special assessment of $1,400, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so); and

    (d)    forfeiture of assets and a money judgment as set forth in Paragraph 8;

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. § 3553(a).

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Plea Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

   (a)   Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;

   (b)   Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $2,500 per month; and

   (c)   Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing are satisfied in full.

Defendant further agrees to complete truthfully and accurately the sworn financial statement enclosed with this Plea Agreement and to deliver that statement to the U.S. Attorney within 15 days of signing this Plea Agreement. Defendant also agrees to submit to a polygraph examination administered by the U.S. Attorney's Office (or other law enforcement agency at the request of the U.S. Attorney's Office) within 30 days of signing this Plea Agreement regarding assets maintained (either previously or presently) by Defendant.

7. <u>Waiver of Right to Appeal and to Bring Future Challenge</u>

   (a)   Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

   (b)   Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and

restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Defendant also waives any right Defendant may have under 18 U.S.C. § 3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be re-sentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

(c) The U.S. Attorney agrees that he will not appeal the imposition by the Court of a sentence within the sentencing range agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d) Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

8. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. Real property located at 38 Woodford Street, Worcester, Massachusetts, including all buildings, improvements and appurtenances thereon, more particularly described in a quitclaim deed recorded at the Worcester County Registry of Deeds, Book 49704, Page 165;

b. Real property located at 50 Gibbs Street, Unit 6, Worcester, Massachusetts, including all buildings, improvements and appurtenances thereon, more particularly described in a condominium unit deed recorded at the Worcester County Registry of Deeds, Book 51620, Page 378;

c. Real property located at 25 Andover Street, Unit S-1, Worcester, Massachusetts, including all buildings, improvements and appurtenances thereon, more particularly described in a condominium unit deed recorded at the Worcester County Registry of Deeds, Book 51621, Page 3;

d. Real property located at 193 Hamilton Street, Worcester, Massachusetts, including all buildings, improvements and appurtenances thereon, more particularly described in a quitclaim deed recorded at the Worcester County Registry of Deeds, Book 52215, Page 191;

e. Real property located at 119 Heywood Street, Worcester, Massachusetts, including all buildings, improvements and appurtenances thereon, more particularly described in a quitclaim deed recorded at the Worcester County Registry of Deeds, Book 52604, Page 374;

f. Real property located at 56 Copperfield Road, Worcester, Massachusetts, including all buildings, improvements and appurtenances thereon, more particularly described in a quitclaim deed recorded at the Worcester County Registry of Deeds, Book 54944, Page 259;

g. Real property located at 104 McCracken, Millbury, Massachusetts, Worcester, Massachusetts, including all buildings, improvements and appurtenances thereon, more particularly described in a quitclaim deed recorded at the Worcester County Registry of Deeds, Book 54961, Page 151. Such property shall specifically include the real properties located at 1-4 Watson Drive, Millbury, Massachusetts, including all buildings, improvements and appurtenances thereon, more particularly described in the municipal lien certificates recorded at the Worcester County Registry of Deeds, Book 54965, Pages 46-49;

h.     Real property located at 166 Shrewsbury Street, Worcester, Massachusetts, including all buildings, improvements and appurtenances thereon, more particularly described in a quitclaim deed recorded at the Worcester County Registry of Deeds, Book 55977, Page 82;

i.     Real property located at 81 Water Street, Worcester, Massachusetts, including all buildings, improvements and appurtenances thereon, more particularly described in a quitclaim deed recorded at the Worcester County Registry of Deeds, Book 56183, Page 52;

j.     all contents and all assets, including, but not limited to, furniture, equipment, fixtures, inventory, leases, accounts receivable and notes receivable of The Usual Corporation d/b/a The Chameleon, 166 Shrewsbury Street, Worcester, Massachusetts;

k.     all contents and all assets, including, but not limited to, furniture, equipment, fixtures, inventory, leases, accounts receivable and notes receivable of The Blackstone Tap Corporation d/b/a The Blackstone Tap, 81 Water Street, Worcester, Massachusetts;

l.     $11,840 in United States currency seized from Worcester, Massachusetts on or about March 20, 2017;

m.     One 2017 Ford Explorer Platinum bearing vehicle identification number 1FM5K8HT9HGB11870 and Massachusetts commercial registration R89584 seized from Worcester, Massachusetts on or about March 20, 2017.

n.     $219,900 in United States currency seized from Worcester, Massachusetts on or about March 20, 2017;

o.     Two (2) one hundred ounce Engelhard silver bars, one (1) one hundred ounce Idaho silver bar, thirty-five (35) ten ounce silver Bars, and nineteen (19) one ounce American Eagle silver coins (with an aggregate appraisal value of $12,424) seized from Worcester, Massachusetts on or about March 20, 2017;

p.     $215,250 in United States currency seized from Worcester, Massachusetts on or about August 23, 2017;

8

      q.      One 2013 Ford Explorer Sport bearing vehicle identification number 1FM5K8GT9DGB75029 and Massachusetts registration 3CLZ30 seized from Worcester, Massachusetts on or about August 28, 2017;

      r.      $55,400 in United States currency seized from Worcester, Massachusetts on or about September 12, 2017;

      s.      One pill press, parts of which were seized from Worcester, Massachusetts on or about March 20, 2017 and other parts of which were relinquished by Defendant on or about August 23, 2017; and

      t.      A sum of money equal to the proceeds Defendant obtained as a result of the offenses, which may be entered in the form of a forfeiture money judgment of not less than $1,180,943.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense. Defendant agrees to consent to the entry of orders of forfeiture for such property, including the entry of a forfeiture money judgment, and Defendant waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant acknowledges and agrees that at least $1,180,943 in proceeds of the crimes to which he is pleading guilty has been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding. In addition, Defendant shall deliver to the U.S. Attorney within 15 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets

over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from to the present. Defendant further agrees to submit to a polygraph examination as described in paragraph 6 within 30 days of signing the Plea Agreement.

Defendant also agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Plea Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9.  Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

10. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI, IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

11. Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

12. <u>Breach of Plea Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

13. <u>Who Is Bound By Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. <u>Modification of Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Greg A. Friedholm.

Very truly yours,

WILLIAM D. WEINREB
Acting United States Attorney

By: *[signature]*

Karin M. Bell
Chief, Worcester Branch Office

*[signature]*

Greg A. Friedholm
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Plea Agreement is in my best interest.

_____
Kevin A. Perry, Jr.
Defendant

Date: 10·13·17

I certify that Kevin A. Perry, Jr. has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
James H. Budreau
Attorney for Defendant

Date: 10-13-17

13