UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | 17-cr-40010-TSH |
| KEVIN A. PERRY, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S
SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE**

The Court should deny defendant Kevin A. Perry, Jr.'s ("Perry's") most recent – *and effectively his sixth* – motion for the Court to reduce his 14-year sentence, of which he has served approximately 27%. As previously detailed, and once again, (a) Perry fails meet his burden to demonstrate the "extraordinary and compelling reasons" necessary to warrant immediate and permanent release, and (b) Perry remains an ongoing danger to the community whose release would be wholly inconsistent with the sentencing factors enumerated in 18 U.S.C. § 3553(a). Moreover, Perry admits that there has been no change in circumstances that would justify the Court's reconsideration of its previous order denying his release.

### Procedural History

On October 13, 2017, Perry pled guilty to a fourteen-count indictment charging fentanyl trafficking, money laundering, unlawful cash structuring, and mortgage fraud. ECF No. 55. On May 14, 2018, the Court imposed the defendant-requested sentence of 168 months, followed by 5 years of supervised release. ECF No. 125.

On April 27, 2020, Perry filed a motion for compassionate release. ECF No. 232. On May 8, 2020, after hearing oral argument, the Court denied Perry's motion for release. ECF No. 238.

On May 18, 2020, Perry filed a supplemental motion for release. ECF No. 240. The government filed its opposition on May 22, 2020. ECF No. 242.

On June 8, 2020, Perry filed a renewed motion for compassionate release. ECF No. 245. On June 11, 2020, the Court denied both the May and the June motions. ECF Docket 246.

On August 7, 2020, Perry filed a motion for reconsideration of the Court order denying compassionate release. ECF No. 249. On September 10, the Court denied that motion. ECF No. 252.

On October 19, 2020, Perry filed his Second Emergency Motion for Reconsideration of the Court order denying his motion for compassionate release. ECF No. 256. The Court denied Perry's second motion for reconsideration on November 10, 2020. ECF No. 258.

On December 21, 2020, Perry filed the instant Supplemental Motion for Compassionate Release. ECF No. 261. Although not titled as a motion for reconsideration, Perry's most recent motion effectively constitutes his fifth motion to reconsider the Court's May 2020 denial of Perry's initial motion for release.

## ARGUMENT

**A.   There Are No Changed Circumstances that Warrant Reconsideration**

In his Second Emergency Motion for Reconsideration, filed on October 19, 2020, Perry argued that his release was appropriate because he had, in fact, tested positive for COVID-19. ECF No. 256 at 4-5. Perry recounted the symptoms he experienced from the infection, including difficulties that he experienced breathing. In that motion, Perry also asserted that (a) he was susceptible to reinfection from COVID-19 and (b) that the Court should consider the approximately 100 days that he spent in isolation as part of the quarantine process in the prisons.

The Court considered that motion, and the changed circumstances proffered by Perry. On November 10, 2020, the Court denied Perry's motion for reconsideration. ECF No. 258. In that order, the Court expressly recognized Perry's infection, the attendant respiratory symptoms that he experienced, and his concern regarding reinfection. Id. at 2.

In his instant Supplemental Motion for Compassionate Release, Perry admits that there has been no change in circumstances since the Court's November 10, 2020 order. *See* Supplemental Motion, ECF No. 261 at 6.[1] Instead, Perry reasserts that his fear of reinfection and the time already spent in quarantine justify his release. The Court previously considered and rejected those claims. In the absence of any changed circumstances, the Court should do so again.

**B.     Perry Again Fails to Meet his Burden Justifying Release**

The applicable law was detailed in the government's initial opposition. In short, the burden rests with the defendant to establish:  (1) that he suffers from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; (2) that he does not pose a danger to the community; and (3) that his release is consonant with the factors enumerated in 18 U.S.C. § 3553(a).

    1.     No Extraordinary or Compelling Reason Exists to Warrant Release

Here, it is beyond dispute that Perry tested positive for COVID-19.  Perry experienced symptoms from the virus that – although certainly concerning – are not unlike the symptoms

---

[1] Specifically, Perry argues that "[i]n addition to the factors set forth in Mr. Perry's earlier submissions, there are additional factors that militate in favor of this Court's granting Perry's Motion that, while not specifically constituting a "change in circumstances," do rise to "extraordinary and compelling" reasons for this Court to find that compassionate release does best serve the interests of justice in this matter."

3

experienced by countless persons who have been similarly infected. Those symptoms included fatigue, headache, nausea, and the loss of taste for approximately 4-5 days. *See* medical records dated October 19, 2020 – October 23, 2020 (filed by defendant under seal).

Those same medical records, however, indicate that by October 24, 2020, Perry denied any shortness of breath, nausea or vomiting, fatigue, body aches, loss or taste or smell, sore throat or cough. Indeed, the notes from the October 24 clinical encounter specifically state "No Complaint(s)…. Inmate reports his headache is resolved." The notes from the following day, October 25, 2020, again are negative for any symptoms, "Chief Complaint: No Complaint(s)."[2]

Further, although Perry's concern regarding COVID-19 is understood – and shared by most both within and outside the prison confines – his continued incarceration does not place him at a higher risk than similarly situated prisoners. Presently, FCI-Berlin (585 inmates) and FPC-Berlin (36 inmates) collectively have only 3 inmates currently testing positive with COVID-19, bringing the total aggregate positive cases at the facility since BOP began tracking cases to 10 inmates.[3] Perry baldly asserts that "the BOP has, in general, failed miserably" in protecting its inmate population from COVID-19. On the contrary, the personnel at FCI-Berlin should be applauded, not disparaged, for the results to date.

Finally, although reinfection appears to be possible, the Centers for Disease Control and Prevention states that "Cases of reinfection with COVID-19 have been reported, but remain

---

[2] Notably, the BOP medical records contain no mention of the "lingering headache and fog" post-October 22, 2020 that Perry relies on in his handwritten "quarantine notes."

[3] See *https://www.bop.gov/coronavirus/* (last visited December 31, 2020). It should be noted that those numbers are attributed on the BOP website to FCI-Berlin, with no indication of positive cases at FPC-Berlin. In light of the medical records provided by Perry – an inmate at FPC-Berlin – the government infers that the numbers reported correspond to the Berlin facility as a whole. The government has requested confirmation but has not received a response as of the time of this filing.

rare."[4]  Moreover, Perry requests to be released to live with his father in Worcester, Massachusetts.  In late December 2020, Worcester reported 14,534 confirmed positive cases in the City.[5]  In fact, on December 30, 2020, Worcester recorded 335 new cases – the highest single day increase since the City began recording the COVID-19 rates.  *Id.*  There is no assurance that Perry would be safer in the community than where he is presently housed.

    2.    <u>Perry Remains a Danger to the Community</u>

Perry's contact with the criminal justice system began when he was 13 years old and continued almost unabated for 16 years until his federal conviction in 2005 for manufacturing and distributing enormous quantities of MDMA, aka "Ecstasy."

Later, Perry – while on federal supervised release for the MDMA trafficking – stockpiled an illegal pill press, laboratory equipment, and the chemicals necessary to resume his large-scale drug manufacturing business.  He subsequently distributed 2,000 fentanyl pills to a DEA cooperating witness, and subsequently relinquished 14,000 additional fentanyl pills and kilogram quantities of other controlled chemicals after his arrest.

    3.    <u>The Section 3553(a) Factors Dictate Against Release</u>

Lastly, the factors supporting Perry's 168-month sentence remain undiminished.  As noted above, Perry manufactured thousands of fentanyl pills, and introduced them to a drug addicted segment of the community under the guise of oxycodone.  He unlawfully structured and laundered his illegal drug proceeds and committed mortgage fraud.

Perry has served approximately 27% of the sentence that *he* requested that the Court impose.  Indeed, the release of Perry would not reflect the seriousness of his offense; would not

---

[4] See *https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection-html* (last visited December 31, 2020).

[5] See *http://www.worcesterma.gov/announcements/covid-19-update-for-dec.-30-14-534-cases* (last visited December 31, 2020).

promote respect for the law; would not provide just punishment for his conduct; would not afford adequate deterrence, both for Perry specifically and for the community generally; would not protect the public from his future criminal conduct, and would not provide Perry with the treatment and counseling that he argued at sentencing that he desperately needed.

ACCORDINGLY, for the reasons detailed above, the Court should summarily deny Perry's most recent motion for release.

                                              Respectfully submitted,

                                              ANDREW LELLING
                                              UNITED STATES ATTORNEY

By:   */s/ Greg A. Friedholm*
       Greg A. Friedholm
       Assistant U.S. Attorney

Date:   December 31, 2020

## Certificate of Service

I hereby certify that this document will be served via ECF upon counsel of record for defendant Kevin A. Perry, Jr.

                                        */s/ Greg A. Friedholm*
                                        Greg A. Friedholm
                                        Assistant U.S. Attorney

Dated: December 31, 2020