UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>   **Plaintiff,**<br><br>   v.<br><br>**KEVIN A. PERRY, JR.,**<br>   **Defendant.** | **CIVIL ACTION**<br>**NO. 4:17-cr-40010-TSH** |

### ORDER ON DEFENDANT'S SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE (Docket No. 261)

### JANUARY 12, 2021

**HILLMAN, D.J.,**

I sentenced Mr. Perry to 168 months of incarceration after he entered into a guilty plea to nine counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B), three counts of unlawful structuring of cash deposits of 31 U.S.C. §§ 5324(a); one count of false statement on a loan application; and one count of distribution of fentanyl in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A). In exchange for his guilty plea, the Government agreed not to file a § 851 Information, which would have imposed a mandatory minimum sentence of 20 years.

Mr. Perry previously sought to convert the reminder of his sentence to home confinement due to the COVID-19 pandemic in motions before this Court on April 27, 2020; June 8, 2020; August 7, 2020; and October 19, 2020 (Docket Nos. 232, 245, 249, and 256). All were denied without prejudice so that Mr. Perry could renew his motion upon a change in circumstances in his health or at his assigned BOP facility relating to the COVID-19 pandemic.

Upon consideration of the current and potential prospective impact of the pandemic together with an individualized assessment of relevant factors as they pertain to Mr. Perry,

including (1) the defendant's age and health, including whether the defendant has any health conditions that place him at increased risk of serious illness or death from COVID-19; (2) the health, safety, and living conditions at the facility where the defendant is housed, any specific crowding issues, and the specific steps taken by the facility in response to the spread of COVID-19; and (3) the crime of conviction and length of the defendant's remaining sentence, I am not convinced that he has, at this time, met the burden necessary to secure a compassionate release.

Since my Order on November 10, 2020 (Docket No. 258), Mr. Perry has substantially recovered from COVID-19, but continues to experience lingering symptoms including "periodic, lingering headaches, memory loss and "just not feeling like himself." (Docket No. 261 at 3). He adds that he remains at risk for reinfection, though according to the BOP there are currently 0 inmate COVID-19 cases and 5 staff COVID-19 cases at FCI Berlin. BUREAU OF PRISONS: COVID-19 CASES, https://www.bop.gov/coronavirus/index.jsp (last accessed Jan. 11, 2021).[1] Furthermore, reinfection appears to be rare. CENTERS FOR DISEASE CONTROL & PREVENTION, REINFECTION WITH COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html  (last accessed Jan. 10, 2021).  Finally, Mr. Perry notes that he should be released so that he may live with and care for his ailing father, and that the Court should take into account future potential reductions in his sentence when assessing what proportion of that sentence he has already served, including good time credit from programming that was cancelled due to COVID-19, his eligibility for a pre-release placement, and his pending motion to vacate his underlying conviction.

---

[1] Mr. Perry is assigned to FCP Berlin (current population 34 inmates).  The BOP COVID-19 Case Tracker does not provide separate COVID-19 case tallies for FCP Berlin and FCI Berlin, the larger, medium-security facility (current inmate population 580 inmates).

I have already considered factors including his prior course of COVID-19 and his prolonged time in isolation due to the BOP's preventative measures to reduce the spread of the disease throughout the prison population. I have also previously recognized that Mr. Perry is at an increased risk for a severe course of COVID-19 due to leukopenia, a shortage of white blood cells. Mr. Perry's age does not place him in a higher-risk category.

At present, Mr. Perry has served about 30% of his sentence. I cannot credit the results of Mr. Perry's motion to vacate towards my assessment of how much of his sentence he has served, as the motion is still pending. Furthermore, I cannot credit Mr. Perry for good time credit that he has not earned, though I understand that COVID-19 has forced the BOP to cancel many educational and recidivism reduction programs that Mr. Perry may have otherwise taken advantage of. I have considered his likely future eligibility for a pre-release placement or home confinement, as well as his projected release date in the Sentencing Computation Monitoring Data provided by counsel. (Docket No. 268-2). I also find it significant that the COVID-19 situation at FCP Berlin appears to be under control; Defendant's counsel points to media reports that the number of cases in nearby Berlin, New Hampshire have spiked due to an outbreak at nearby *state* prisons, not FCP Berlin or FCI Berlin. (Docket No. 263).

As stated in my prior Orders denying Mr. Perry's motions for compassionate release, the Defendant committed the underlying offense while on supervised release for a different drug offense. I have considered the letter submitted by Mr. Perry's father and Mr. Perry's PATTERN score but remain concerned that he represents a danger to the public. (Docket No. 270-1 (SEALED)). Because Mr. Perry has not, under the circumstances presented here, demonstrated that he meets the requirements to obtain a compassionate release, his ***motion is denied, without prejudice*** to the filing of a further motion should there be a change in his circumstances.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**DISTRICT JUDGE**