UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br>                       Plaintiff,<br><br>v.<br><br>KEVIN A. PERRY, JR.,<br>                       Defendant. | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>NO.  4:17-cr-40010-TSH |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION (Docket No. 283)**

**June 9, 2021**

**HILLMAN, D.J.,**

    I sentenced Mr. Perry to 168 months of incarceration after he entered into a guilty plea to nine counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B), three counts of unlawful structuring of cash deposits of 31 U.S.C. §§ 5324(a); one count of false statement on a loan application; and one count of distribution of fentanyl in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A).  In exchange for his guilty plea, the Government agreed not to file a § 851 Information, which would have imposed a mandatory minimum sentence of 20 years.

    Mr. Perry previously sought to convert the reminder of his sentence to home confinement due to the COVID-19 pandemic in motions before this Court on April 27, 2020; May 18, 2020; June 8, 2020; August 7, 2020; October 19, 2020; December 21, 2020; and April 14, 2021 (Docket Nos. 232, 240, 245, 249, 256, 261, and 275).  All were denied without prejudice so that Mr. Perry could renew his motion upon a change in circumstances in his health or at his assigned BOP facility relating to the COVID-19 pandemic.  This is Mr. Perry's eighth motion for compassionate release.

1

Upon consideration of the current and potential prospective impact of the pandemic together with an individualized assessment of relevant factors as they pertain to Mr. Perry, including (1) the defendant's age and health, including whether the defendant has any health conditions that place him at increased risk of serious illness or death from COVID-19; (2) the health, safety, and living conditions at the facility where the defendant is housed, any specific crowding issues, and the specific steps taken by the facility in response to the spread of COVID-19; and (3) the crime of conviction and length of the defendant's remaining sentence, I am not convinced that he has met the burden necessary to secure a compassionate release.

My prior orders have detailed Mr. Perry's medical history and vulnerability to COVID-19 at length. In sum, Mr. Perry previously contracted COVID-19 while in custody at FCI Berlin in October 2020, continues to experience some lingering but not serious symptoms (Docket No. 261 at 3), and is at an increased risk of a severe course of illness should he contract COVID-19 a second time due to his age (47).[1] I noted in my April 22, 2021 order that Mr. Perry had not provided any evidence to support his claim that he declined the COVID-19 vaccination due to a history of severe allergy reactions to vaccines; in this most recent appeal, he has submitted letters from himself and his father and uncertified medical records from his primary care provider which contain brief

---

[1] As more information about COVID-19 from reliable public health authorities becomes available, the Court will endeavor to include it. The Centers for Disease Control and Prevention ("CDC") now says that "the greatest risk for severe illness from COVID-19 is among those aged 85 or older" but that "the risk for severe illness increase with age." CDC, COVID:19, OLDER ADULTS, available at https://bit.ly/32BkV3l (last visited Apr. 22, 2021). The data on age is nuanced: while the CDC states that 8 out of 10 COVID-19 deaths reported in the U.S. have been in adults 65 or older, it is also true that adults ages 40-49, such as Mr. Perry, are fifteen times more likely to require hospitalization if infected than children ages 5-17. The susceptibility to hospitalization and death increases exponentially with age: adults 65-74 years old, for example, are 40 times more likely to require hospitalization. *See* https://bit.ly/32BkV3l for data comparing all age groups.

notations that he has a non-drug allergy to immunizations that can cause reactions such as anaphylaxis, hives, and nausea. (Docket Nos. 283-1 at 1-2; 286 at 2, 4, 6, 8, 10-12, 19, 21).

In addition to the unique conditions related to the pandemic, Mr. Perry also renews his arguments that he should be released because he is the only available family member who can care for his ailing father; he has been subjected to long periods of solitary confinement as part of the BOP's COVID-19 prevention measures; the letters of support from his family, friends, and professional associates testifying as to his good character and rehabilitation, including four new letters from his aunt and three friends that were not part of his prior motion (Docket No. 283-1 at 3-6); and because his PATTERN score suggests a low risk of recidivism. These are all facts that I have considered in my prior decisions (although I did not explicitly discuss Perry's father in my April 22, 2021 Order), and nothing in the new character letters compels me to revisit my earlier ruling.

At present, the low numbers of cases and growing vaccination rates at FCI Berlin mean that there are no extraordinary circumstances which warrant Perry's EARLY release, considering the nature of his medical conditions and the length of his remaining sentence. Currently, there are zero inmate and four COVID-19 cases at FCI Berlin; approximately 44% of the inmate population has been vaccinated. BOP, COVID-19: COVID-19 CASES, available at https://www.bop.gov/coronavirus/ (last visited June 9, 2021). I previously found that Mr. Perry's decision to decline a life-saving vaccine undercut his argument that his life is in imminent danger from COVID-19; even though I will no longer hold Mr. Perry's decision not to be vaccinated against him because he has provided some evidence of vaccine allergies, the case numbers at FCI Berlin are simply too low to merit the extraordinary relief he seeks.

Finally, Perry objects to my characterization that he committed the underlying crime while on supervised release for a different drug offense. I first made this finding in my May 8, 2020 Order (Docket No. 238) and have reiterated it several times. I now find that it requires clarification.

In 2005, Perry pled guilty to one count of conspiracy to manufacture, possess, or distribute MDMA; on October 5, 2005, he was sentenced to 94 months imprisonment and 6 years of supervised release. (Case No. 02-cr-40030-NMG, Docket No. 186). Before his six years of supervised release ended in September 2014, the facts in the Presentence Investigation Report show that he began amassing supplies, such as laboratory equipment and chemicals and a pill press (the latter was intercepted by law enforcement), to resume drug packaging and manufacturing. (PSR ¶¶ 8-54). Therefore, my prior Orders should have said that Mr. Perry resumed activity consistent with drug trafficking before his period of supervised release for his previous MDMA drug conviction ended, and that such past conduct weighs against granting his early release for the underlying drug and money laundering offenses for which he is presently incarcerated at FCI Berlin.

Because Mr. Perry has not demonstrated that he meets the requirements to obtain a compassionate release, his ***motion is denied, without prejudice***.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
Timothy S. Hillman
**DISTRICT JUDGE**